OPINION
{¶ 1} Appellant, David E. Feathers, appeals the judgment entered by the Portage County Court of Common Pleas. The trial court denied his petition for postconviction relief.
 {¶ 2} Feathers raises the following assignments of error:
 {¶ 3} "[1 .] The trial court erred by failing to make any findings of fact based upon the evidence presented at trial or in support of the petition for post-conviction relief, and by failing to make any conclusions of law that specifically reference the arguments *Page 2 
raised by appellant, in denying appellant's petition for post conviction relief without a hearing.
 {¶ 4} "[2.] The trial court erred by denying appellant's motion for post conviction relief.
 {¶ 5} "[3.] The trial court erred by denying appellant's petition for post conviction relief, without a hearing, where appellant has presented competent, relevant and material evidence dehors the record that (1) he received ineffective assistance of counsel in violation of his rights pursuant to the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution, and (2) he has been denied due process of law in violation of his rights pursuant to theFourteenth Amendment to the United States Constitution[.]"
 {¶ 6} The statute governing the filing of a petition for postconviction relief reads, in pertinent part:
 {¶ 7} "(A)(1)(a) Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
 {¶ 8} * * *
 {¶ 9} "(C) The court shall consider a petition that is timely filed * * * even if a direct appeal of the judgment is pending. Before granting a hearing on a petition filed *Page 3 
under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. * * * If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal.
 {¶ 10} "* * *
 {¶ 11} "(E) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending."[1]
 {¶ 12} This court has reversed Feathers' convictions and remanded this matter for a new trial.[2] Thus, Feathers' does not have any convictions to challenge pursuant to R.C. 2953.21. Accordingly, this appeal is moot.[3]
 {¶ 13} This appeal is dismissed.
COLLEEN MARY OTOOLE, J., concurs,
DIANE V. GRENDELL, J., concurs in judgment only.
[1] R.C. 2953.21.
[2] State v. Feathers, 11th Dist. No. 2005-P-0039.
[3] App.R. 12(A)(1)(c). *Page 1